UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TAWON WRIGHT,

        Plaintiff,        Case No. 2:09-cv-16

v.        Honorable Gordon J. Quist

UNKNOWN WOSILUSKI et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff shall pay the initial partial filing fee when funds are available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

## Discussion

    I.    <u>Factual allegations</u>

Plaintiff is presently incarcerated at the Saginaw Correctional Facility, but complains of events that occurred while he was housed at Ojibway Correctional Facility (OCF). On July 26, 2006, while Plaintiff was packing his personal property for his transfer from the Muskegon

Correctional Facility to the Jackson Correctional Facility, he was issued a contraband removal form regarding his television set and beard trimmer. Although the officer issuing the contraband removal form advised Plaintiff that he would receive an administrative hearing when he arrived at the Jackson Correctional Facility, he did not receive an administrative hearing. On August 16, 2006, Plaintiff was transferred to Camp Kitwen. He did not receive an administrative hearing at Camp Kitwen, and on November 22, 2006, he was transferred to OCF. Plaintiff was advised by his housing unit counselor at OCF that his property had been mistakenly shipped to another location, but when it was received at OCF he would receive an administrative hearing. The property room officer, Defendant Wosiluski, failed to respond to Plaintiff's later inquiries regarding his property. On September 18, 2007, Plaintiff spoke to Defendant Delfavero about his confiscated property. Defendant Delfavero refused to acknowledge that Plaintiff possessed a contraband removal form that verified his property had been confiscated. Plaintiff filed a grievance through Step III. He received a response to his Step III grievance, dated April 29, 2008, which concluded that Plaintiff's property had been confiscated and instructed Plaintiff to file a claim with the State Administrative Board. Plaintiff contends that the State Administrative Board awards only the depreciation value of lost property, which is not fair and just compensation.

Plaintiff is asserting a procedural due process claim against OCF employees Unknown Wosiluski, Unknown Delfavero, and Dan Quigley. For relief, Plaintiff seeks monetary damages.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46

(1957)); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The standard requires that a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Glassner v. R.J. Reynolds Tobacco Co.*, 223 F.3d 343, 346 (6th Cir. 2001). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 127 S. Ct. at 1965; *Lewis v. ACB Business Serv., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998) (holding that a court need not accept as true legal conclusions or unwarranted factual inferences). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974; *see also United States v. Ford Motor Co.*, 532 F.3d 496, 503 (6th Cir. 2008); *United States ex rel. Bledsoe v. Comty. Health Sys., Inc.*, 501 F.3d 493, 502 (6th Cir. 2007).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that Defendants wrongfully deprived him of his property, thereby violating his Fourteenth Amendment due process rights. The Due Process Clause does not prohibit deprivation of property by the state; instead it prohibits such deprivations without due process of law. *Parratt v. Taylor,* 451 U.S. 527, 537 (1981), *overruled in part on other grounds Daniels v. Williams,* 474 U.S. 327 (1986). A plaintiff alleging the infringement of property rights must show that the deprivation was caused by (1) action taken pursuant to established state procedures, *Hudson v. Palmer,* 468 U.S. 517, 532 (1984); *Logan v. Zimmerman Brush Co.,* 455 U.S.

422, 435-436 (1982), or (2) a "random and unauthorized act" and that available state remedies are inadequate to address the wrong. *See Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir. 1991).

Plaintiff does not challenge an "established state procedure," but, rather, claims that Defendants failed to follow that procedure and negligently lost his property. Where a state official fails to follow state procedure or conform his conduct to state law, the plaintiff's injury is the result of a random and unauthorized act which the state was unable to foresee and thus prevent. In *Parratt,* the Supreme Court held that no procedural due process violation occurs when the deprivation is the result of a random and unauthorized act unless the state failed to provide the plaintiff with an adequate post-deprivation remedy. *Parratt*, 451 U.S. at 543.

The Sixth Circuit has held that in a procedural due process claim brought under 42 U.S.C. § 1983, the claim should be dismissed pursuant to the *Parratt* doctrine where the state provides an adequate postdeprivation remedy if: 1) the deprivation was unpredictable or random; 2) predeprivation process was impossible or impracticable; and 3) the state actor was not authorized to take the action that deprived the plaintiff of property or liberty. *Copeland v. Machulis,* 57 F.3d 476, 479 (6th Cir. 1995); *see also Pilgrim v. Littlefield,* 92 F.3d 413, 416-417 (6th Cir. 1996). In cases where these conditions are present, "a procedural due process claim will not be stated unless the plaintiff pleads and proves that his available state remedies are inadequate to redress the wrong." *Copeland,* 57 F.3d at 479; *Pilgrim,* 92 F.3d at 417.

Here, Plaintiff has not demonstrated that he lacks adequate state remedies for Defendants' alleged misconduct. Plaintiff filed grievances regarding Defendants' actions, which he appealed through Step III. *See* Mich. Dep't of Corr., Policy Directive 03.02.130, §§ (A)-(LL) (effective July 9, 2007). The fact that Plaintiff did not obtain a favorable outcome from the grievance procedure does not indicate that the procedure was inadequate. *See Skinner v. Bolden*, 89

F. App'x 579, 580 (6th Cir. 2004) ("[A]n adequate post-deprivation process does not require a favorable result for the claimant"). Plaintiff also had a right to pursue a claim through the Prisoner Benefit Fund. *See* Mich. Dep't of Corr. Policy Directive 04.02.110 (effective Jan. 1, 2008). In addition, prisoners may pursue claims of up to $1,000 through the State Administrative Board, or through the state courts if the claim is over $1,000. *See* Mich. Dep't of Corr., Policy Directive 04.07.112, § B (effective Nov. 15, 2004). The fact that the remedies provided by the state do not provide all the relief which may be available under 42 U.S.C. § 1983 does not mean that the state remedies are ineffective. *Parratt,* 451 U.S. at 544. The Sixth Circuit has specifically found that the various post-deprivation remedies provided by Michigan are adequate. *See Copeland,* 57 F.3d at 480 ("Michigan provides several adequate post-deprivations remedies. . . ."); *Mulazim v. Corrigan,* 7 F. App'x 427, 430-31 (6th Cir. 2001) (Plaintiff "has an adequate remedy with the state courts of Michigan"). Accordingly, Plaintiff has failed to state a claim that would entitle him to relief under section 1983.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless

- 6 -

Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).

If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  June 1, 2009                               /s/ Gordon J. Quist
                                              GORDON J. QUIST
                                         UNITED STATES DISTRICT JUDGE